IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-CT-3058-F

| | |
|---|---|
| KC LEE JOHNSON, ) | |
| Plaintiff, ) | |
| v. ) | ORDER |
| C.B. HEATH, ) | |
| Defendant. ) | |

On February 26, 2014, Plaintiff filed this action pursuant to 42 U.S.C. § 1983, alleging that Defendant violated his constitutional rights. Compl. [DE-1]. Courts must review complaints in civil actions in which prisoners seek relief from a governmental entity or officer, and dismiss a complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a)-(b)(1). A case is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). It does not clearly appear from the face of the complaint that Plaintiff's claim is frivolous. Thus, the court will allow the case to proceed, and the Clerk of Court is DIRECTED to maintain management of Plaintiff's complaint.

Plaintiff has also requested the appointment of counsel. Mot. [DE-7]. There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for pro se civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist.

Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (quoting Branch v. Cole, 686 F.2d 264 (5th Cir. 1982)); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him."). Plaintiff's claims are not particularly complex, nor do other exceptional circumstances exist. Furthermore, Plaintiff has demonstrated through his filings that he is capable of proceeding pro se. Therefore, Plaintiff's motion to appoint counsel [DE-7] is DENIED.[1]

Finally, the court further ORDERS as follows:

1. The clerk is DIRECTED to continue management of the action, and to serve a copy of this order together with the complaint and summons on Defendant.

2. Defendant shall have 60 days from service of the complaint to file his answer.

3. The court DIRECTS the United States Marshal Service to make service pursuant to 28 U.S.C. § 1915(d).

SO ORDERED. This the 6th day of November, 2014.

James C. Fox
JAMES C. FOX
Senior United States District Judge

---

[1] In his motion to appoint counsel, Plaintiff also makes several requests unrelated to the instant civil case. These requests instead apparently relate to an unspecified pending state criminal matter. Regardless, these requests are DENIED.

2