IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-CT-3058-F

| | |
|---|---|
| KC LEE JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| C.B. HEATH, | ) |
| | ) |
| Defendant. | ) |

This matter is before the court upon Defendant's motion to dismiss [DE-15]. For the following reasons, the instant motion is DENIED WITHOUT PREJUDICE.

Plaintiff, a state inmate proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 on February 26, 2014. Compl. [DE-1]. The court determined that Plaintiff's complaint survived frivolity review and directed the Clerk of Court to maintain management of the matter on November 6, 2014 [DE-8]. Defendant filed the instant motion to dismiss [DE-15] on January 14, 2015, in which he challenges the sufficiency of the allegations in the complaint. Plaintiff has responded to Defendant's motion, and the matter is now ripe for adjudication.

A motion to dismiss under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, the court accepts the

complaint's factual allegations as true, but need not accept a complaint's legal conclusions drawn from the facts. See, e.g., Iqbal, 556 U.S. at 678. A court also "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 678–79.

The Eighth Amendment protects inmates from cruel and unusual punishment. See Wilson v. Seiter, 501 U.S. 294, 296–97 (1991); Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). To succeed on an excessive-force claim under the Eighth Amendment, a prisoner must establish that "the officials acted with a sufficiently culpable state of mind" and that "the alleged wrongdoing was objectively harmful enough to establish a constitutional violation." Hudson v. McMillian, 503 U.S. 1, 8 (1992) (quotation and alteration omitted); see, e.g., Farmer v. Brennan, 511 U.S. 825, 834 (1994). "The core judicial inquiry . . . [is] not whether a certain quantum of injury was sustained, but rather whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (per curiam) (quotations omitted); see United States v. Gore, 592 F.3d 489, 494 (4th Cir. 2010); Pressly v. Hutto, 816 F.2d 977, 979 (4th Cir. 1987).

Here, Plaintiff contends that, on December 31, 2012, he was transported by Defendant to a hospital for a "medical/mental health evaluation." Compl. [DE-1], p. 3. Plaintiff was in full restraints. Id. While in the hospital waiting room, Plaintiff "began to get a very irritating itch on [his] left wrist." Id. Because he was in full restraints, Plaintiff "used the . . . ridged part of [his] right cuff to scratch [his left wrist.]" Id. Defendant ordered Plaintiff to stop. Id. When Plaintiff refused to stop scratching his left wrist, Defendant allegedly threw Plaintiff to the floor and began to choke him. Id. at pp. 3-4. Plaintiff asserts that Defendant also "punch[ed him] repeatedly in the face while choking

2

[him]." Id. at p. 4.

Construing his allegations liberally, as required, Plaintiff has stated at least a plausible excessive force claim. While further development of the record may preclude Plaintiff from obtaining relief on this claim, he has at least sufficiently alleged an excessive force claim for purposes of Rule 12(b)(6). Accordingly, Defendant's motion to dismiss [DE-15] is DENIED without prejudice. The court will entertain a motion for summary judgment on a more fully developed record. In light of this disposition, this matter is referred to Magistrate Judge Robert B. Jones, Jr. for entry of a scheduling order.

SO ORDERED. This the 25 day of July, 2015.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge